In the Matter of Vincent P.
ZBYTNIEWSKI, Bankrupt.

No. 78–B–366.

United States District Court,
E. D. Wisconsin.

Oct. 19, 1978.

Kondos & Kondos, Daniel P. Kondos, Milwaukee, Wis., for plaintiff.

Charles P. Reiter, Milwaukee, Wis., for appellant.

Frank, Hiller & Shapiro by James E. Shapiro, Milwaukee, Wis., for Trustee.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the appeal by Classified Insurance Company of an order of the bankruptcy court dismissing the bankruptcy petition of Vincent B. Zbytniewski. Mr. Zbytniewski filed a petition for voluntary bankruptcy in the United States district court for the eastern district of Wisconsin on March 13, 1978. After Mr. Zbytniewski was adjudged bankrupt and a trustee was appointed to administer his estate, Mr. Zbytniewski filed a motion for withdrawal of his petition for bankruptcy. Mr. Zbytniewski's motion was based on his contention that questions about his residency in Wisconsin might prevent him from being discharged. On May 16, 1978, the bankruptcy court granted Mr. Zbytniewski's motion to withdraw his bankruptcy petition and therefore dismissed that petition. Classified Insurance Company, a creditor of the petitioner, has filed this appeal pursuant to Rule 801, Federal Rules of Bankruptcy Procedure, challenging the bankruptcy court's dismissal of Mr. Zbytniewski's bankruptcy petition.

In reviewing the bankruptcy court's order dismissing Mr. Zbytniewski's bankruptcy petition, the role of this court is to determine whether the bankruptcy court abused its discretion in dismissing the petition. *In re Bankers Trust,* 403 F.2d 16 (7th

Cir. 1968). For the reasons that follow, I find that the bankruptcy court had no authority to dismiss Mr. Zbytniewski's bankruptcy petition, and therefore its order will be reversed.

In its order of May 16, 1978, the bankruptcy court made an express finding that no creditor's interests would be adversely affected by dismissal. The order did not specify under what statutory provision the court was acting in dismissing Mr. Zbytniewski's petition. However, it is apparent from the record before me that the court acted under Rule 116(b)(2), Federal Rules of Bankruptcy Procedure. Rule 116(b)(2) provides in part:

> "*When Venue Improper.* If a petition is filed in a wrong district, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, dismiss the case or, in the interest of justice and for the convenience of the parties, retain the case or transfer it to any other district." (emphasis in original).

A dismissal pursuant to Rule 116(b)(2) is only proper when a bankruptcy petition is filed in the wrong district. Rule 116(a)(1) directs in what district a bankruptcy petition may be properly filed:

> "(1) *Natural Person.* A petition by or against a natural person may be filed in the district where the bankrupt has had his principal place of business, residence, or domicile for the preceding 6 months or for a longer portion thereof than in any other district."

In an affidavit dated March 28, 1978, Mr. Zbytniewski averred that "during the entire year of 1977, affiant on several occasions moved back and forth between Wisconsin and California, but at all times considered Wisconsin to be his residence." On or about February 28, 1978, Mr. Zbytniewski moved to San Diego, California. His petition for voluntary bankruptcy was filed approximately two weeks later, on March 13, 1978. It is apparent from this chronology that for the greater portion of the six month period preceding Mr. Zbytniewski's filing for bankruptcy, the petitioner was a resident of Wisconsin. Therefore, pursuant to Rule 116(a)(1), the eastern district of Wisconsin was a proper district for Mr. Zbytniewski to file his bankruptcy petition on March 13, 1978.

Since the petition in this case was filed in the proper district, Rule 116(b)(2) does not apply to the case at bar and cannot be the basis for authorizing the dismissal of Mr. Zbytniewski's petition. Moreover, Rule 116(b)(1), which applies to cases in which venue is proper, only authorizes a court either to maintain jurisdiction over a case or to transfer the case to another district; it does not give a court authority to dismiss a properly filed bankruptcy petition. Therefore, the bankruptcy court lacked authority to dismiss the bankruptcy petition in this case, and its decision to do so will be reversed.

Therefore, IT IS ORDERED that the decision of the bankruptcy court dismissing the petition of Vincent B. Zbytniewski be and hereby is reversed. This case is remanded to the bankruptcy court for further proceedings consistent with this decision and order.