**In re Richard R. LAWLESS & Jeannie E. Lawless, Debtors.**

**Bankruptcy No. 87–00581–2–12.**

United States Bankruptcy Court, W.D. Missouri.

May 29, 1987.

Joel Pelofsky, Kansas City, Mo., for debtors.

David DeTar Newbert, Asst. U.S. Atty., Kansas City, Mo., for Farmers Home Admin.

Bruce E. Strauss, Kansas City, Mo., for Wood and Huston Bank.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors filed their petition under Chapter 12 on February 10, 1987, and relief was ordered on that date. Notice of the filing and the setting of the Section 341 meeting was issued on February 20, 1987. The schedules filed by debtors and the testimony of debtors at the Section 341 meeting clearly indicated that debtors did not qualify for relief under Chapter 12 in that less than 50% of their gross income was derived from farming operations. On March 17, 1987, the Wood and Huston Bank filed a Motion For Adequate Protection or Alternatively to Modify Stay. That was settled by counsel and an Order entered April 30, 1987, setting adequate protection. On March 24, 1987, Wood and Huston Bank filed a Motion to Require Debtors to Shorten Time To File Plan. The Court overruled the motion. On April 1, 1987, the Farmers Home Administration filed a dual Motion to Modify Stay or to Dismiss. On May 8, 1987, the Court sua sponte filed an Order to Show Cause why the case should not be dismissed for failure to file monthly operating reports because nothing had been filed by debtors from February 10, 1987 to May 8, 1987. That Order did elicit monthly operating reports on May 14, 1987. On May 14, 1987, the Wood and Huston Bank filed a Motion to Dismiss. On May 20, 1987, which the Court determines to be 99 days after the petition was filed and an Order for Relief granted, debtors filed the following:

1. Motion for Additional Time to File Plan.

2. Suggestions in Support.

3. Motion to Convert from Chapter 12 to Chapter 11.

4. Response to the Farmers Home Administration Motion to Dismiss on the basis of the unconstitutionality of the "Family Farmer Act" because it requires individuals under Chapter 12 to have more than 50% from related income and does not require farm partnerships or farm corporations to be so qualified.

 In that posture the Court heard the Motion to Lift Stay and Motion to Dismiss. It was admittedly conceded by counsel for debtors that they did not receive 50% of their gross income, in the year preceding the filing of the petition, from farming operations. That is a sine qua non for relief under Chapter 12. (11 U.S.C. Section 101(17)(A)). The fact that corporations or partnerships need not fulfill that requirement (11 U.S.C. Section 101(17)(B) is presumably a Congressional drafting glitch—neither the first nor the last—created by that august body in its infinite wisdom in the passage of this legislation. See *In re Albertson*, 68 B.R. 1017 (Bankr. W.D.Mo.1987). Whether that is correct or not, this Court is not convinced that Congress cannot set different standards for different types of entities but this Court is convinced that it has no business determining the constitutionality or unconstitutionality of any such Congressional mandate. Such matters are best left to Judges better trained and situated to determine them. That is not to say that a Bankruptcy Court lacks the power to come to such a conclusion but rather to say that the issue must be far more clear cut before any Article I Court should presume to overturn Congressionally passed and Presidentially approved legislation. *Badaracco v. Commissioner*, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984); *In re Shafer & Miller Industries, Inc.*, 66 B.R. 578, 581 (S.D.Fla. 1986); *In re Kuepper*, 36 B.R. 680 (Bankr. E.D.Wis.1983); *In re Oakes*, 24 B.R. 766 (Bankr.N.D.Ohio 1982).

 With that underbrush out of the way, the Court next turns to the other issues raised by the pleadings. Clearly the Motions of Farmers Home and Wood and Huston Bank to Dismiss must be sustained. There are two reasons. First, debtors have neither filed a plan nor moved for extension of time within the 90 days mandated by Chapter 12. To quote Senator Grassley:

"Importantly, the new subtitle ensures that the bankruptcy system will not be abused. Earlier versions of this new chapter allowed a farm debtor 240 days to file a plan. During this time, collateral could deteriorate without the promise of a confirmable reorganization plan. To address this problem, the exclusive period has been reduced to 90 days in the conference approved bill.

If time limits are not met, the case will be dismissed and cannot be refiled. This will be a powerful incentive to get these cases moving, rather than languishing in the courts. If fraud is found, the case will be dismissed or converted to chapter 7. This encourages good faith, and honest dealing by the debtor throughout the case". 132 Cong.Rec. S15076 (daily ed. Oct. 3, 1986).

Second, debtors do not qualify for Chapter 12 because over one-half of their gross income was not farm related. Even if debtors' "Constitutional Argument" to this second point is correct, they have not filed their plan within the required time, thus this Court finds no way to rule in their favor.

Finally, comes the question of whether the Court should allow conversion to Chapter 11. The Court has concluded to the contrary. The income issue was clearly raised at the Section 341 meeting as well as by the April 1, 1987 Motion of Farmers Home Administration. Nevertheless, debtors waited until May 20, 1987, some ten days after their plan was due, and on the eve of the May 22, 1987 hearing, to file their Motion to Convert. Even were such practice within the letter of the law, it is not within the spirit of it. If man was conceived in sin and born of travail as the 1928 Episcopal Prayer Book proclaims, then this bankruptcy proceeding was conceived in delay and (still) born in procrastination. Such was not the perceived intent of Congress in enacting Chapter 12. Debtors' Motion to Convert is, therefore, DENIED. The Motion to Dismiss, with all its attendant consequences of inability to refile for 180 days is GRANTED. The Motions of Farmers Home Administration filed May 21, 1987, although potentially well taken, are rendered MOOT by this Opinion.

This Opinion constitutes Findings of Fact and Conclusions of Law in accordance with Rule 7052, Rules of Bankruptcy.