**In re Richard Roy LAWLESS and Jeannie Ellen Lawless, Debtors.**

**UNITED STATES of America, Appellee,**

v.

**Richard Roy LAWLESS and Jeannie Ellen Lawless, Appellants.**

**No. 87–0688–CV–W–5.**

United States District Court, W.D. Missouri, W.D.

Nov. 2, 1987.

Joel Pelofsky, Shughart, Thomson & Kilroy, Kansas City, Mo., for debtors.

David DeTar Newbert, Asst. U.S. Atty., Kansas City, Mo., for FHA.

Bruce E. Strauss, Kansas City, Mo., for Wood and Huston Bank.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Debtors-appellants instituted this Chapter 12 proceeding on February 10, 1987. On May 20, 1987, appellants filed their motion to convert from a Chapter 12 to a Chapter 11 proceeding and their motion for additional time to file a plan. On May 21, 1987, the Bankruptcy Judge dismissed the case because of debtors' failure to file their plan within the 90 days allowed by statute and denied debtors the right to refile for 180 days, 74 B.R. 54 (Bankr.W.D.Mo.1987). Debtors now appeal the dismissal and denial of conversion to this Court. For the reasons set forth below, this Court affirms in part and reverses in part.

### Factual Background

Debtors-appellants are farmers living near Marshall, Missouri. Appellants own about 210 acres which are subject to five mortgages. Because of threatened foreclosure by two creditors, debtors filed a Chapter 12 reorganization petition on February 10, 1987. Notices of the filing and of the automatic stay were mailed to all creditors on February 20, 1987.

Debtors' schedules show that they own real estate with a value of $110,000.00 with liens against the property in excess of $188,000.00. Debtors scheduled unsecured creditors in the amount of $34,000.00. Although debtors have farmed for many years, they were unable to plant a crop in 1986 because they could not arrange financing. Both are employed off the farm. Richard Lawless is employed by the Postal Service. Jeannie Lawless is employed by the University of Missouri hospital. In 1986, debtors had non-farm income of $48,-218.00, farm income of $2,183.00, and farm expenses of $5,313.00. In 1985, debtors had non-farm income of $48,740.00 and farm income of $51,836.00.

Wood & Huston Bank, one of the secured creditors, filed its motion for relief from the automatic stay or for adequate protection on March 17, 1987. The bank holds a fifth Deed of Trust on debtors' land and an interest in some personal property. Adequate protection was ordered, by agreement, in the sum of $2,000.00 per year.

Farmers Home Administration (FmHA) filed a motion for relief from the automatic stay and motion to dismiss on April 1, 1987. A notice was sent requiring a responsive pleading by April 16, 1987, and setting a hearing on the motion for relief from the stay for May 22, 1987. The Court gave debtors until April 16, 1987, to respond to the government's motion. Debtors did not respond to the government's motion to dismiss until May 20, 1987, on the eve of the scheduled hearing.

On May 8, 1987, the Bankruptcy Court sua sponte filed an order to show cause why the case should not be dismissed because of the debtors' failure to file monthly operating reports because nothing had been filed by debtors from February 10, 1987 to May 8, 1987. That order did elicit monthly operating reports on May 14, 1987.

On May 14, 1987, Wood & Huston Bank filed its motion to dismiss. A hearing on that motion was set for June 26, 1987.

On May 20, 1987, which the Bankruptcy Court determined to be 99 days after the petition was filed and an order for relief granted, debtors filed the following:

(1) Motion for additional time to file a Plan, along with suggestions in support;

(2) Motion to convert from a Chapter 12 to a Chapter 11; and

(3) Response to the Farmers Home Administration's motion to dismiss on the basis of the unconstitutionality of the "Family Farmer Act" because it requires individuals under Chapter 12 to have more than 50% of related income and

does not require farm partnerships or farm corporations to be so qualified.

At the May 22, 1987 hearing, the Bankruptcy Court entertained FmHA's motion to lift the stay and motion to dismiss. Debtors' counsel admitted that debtors did not receive 50% of their gross income, in the year preceding the filing of the petition, from farming operations as required by 11 U.S.C. § 101(17)(A). In addition, creditors raised the issue of debtors' tardy Chapter 12 Plan. Debtors' counsel could give no adequate reason for the delay in filing the Chapter 12 Plan. Consequently, the Bankruptcy Court denied debtors' motion to convert and dismissed the case, noting that said dismissal included "all its attendant consequences of inability to refile for 180 days."

On May 29, 1987, Bankruptcy Judge Frank Koger issued a Memorandum Opinion setting forth the reasoning behind denial of debtors' motion to convert and the granting of FmHA's motion to dismiss. First, the Bankruptcy Court noted that since debtors had neither filed a plan, nor moved for extension of time, within the 90 days mandated by Chapter 12, then the Court could not rule in debtors' favor. *In Re Lawless*, 74 B.R. 54, 55–56 (Bankr.W.D. Mo.1987). Second, the Court concluded that debtors did not qualify for Chapter 12 because over one-half of their gross income was not farm-related. *Id.* at 56. As to debtors' constitutional argument, the Bankruptcy Court concluded that "it has no business determining the constitutionality or unconstitutionality of any such Congressional mandate." *Id.* at 55.[1]

Finally, in denying debtors' motion to convert from a Chapter 12 to a Chapter 11, the Bankruptcy Court placed particular emphasis on the fact that debtors waited until two days before the May 22, 1987 hearing to seek conversion and noted that such practice was not "within the spirit" of the Bankruptcy Code. *Id.* at 56.

## Standard of Review

■ Preliminarily, the Court must set forth the various standards of judicial review applicable to a district court's review of bankruptcy court decisions. In reviewing a bankruptcy court's findings of fact, the district court sits "as an appellate tribunal, not as a finder of fact." *In re Windle*, 653 F.2d 328, 330–331 (8th Cir. 1981). Consequently, a reviewing court must accept a bankruptcy judge's factual findings unless these findings are clearly erroneous. *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *First National Bank of Clinton v. Julian*, 383 F.2d 329, 333 (8th Cir.1967); *In Re Cook*, 72 B.R. 976, 980 (W.D.Mo.1987); *Kidder Skis International v. Williams*, 60 B.R. 808, 809 (W.D.Mo.1985).

■ On the other hand, the clearly erroneous standard applicable to a district court's review of a bankruptcy court's decision does not apply to questions of law, and when the question presented is solely one of law, the district court must make an independent determination of the correctness of the bankruptcy judge's legal conclusions. *Fredrick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir.1985) (Bankruptcy court's conclusions of law are subject to de novo review); *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985) (Bankruptcy court's findings of fact are not to be overturned unless clearly erroneous; however, its conclusions of law are subject to de novo review); *Matter of Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980) (Bankruptcy court's conclusions of law are freely reviewable on appeal).

■ Finally, decisions made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or an abuse of discretion. *In re Hawley Coal Mining Corp.*, 47 B.R. 392, 394 (S.D. W.Va.1984); *In re Ken Boatman, Inc.*, 359 F.Supp. 1062, 1063 (W.D.La.1973), *aff'd* 504 F.2d 924 (5th Cir.1974). *See also Matter of Zbytniewski*, 457 F.Supp. 1012, 1012–1013 (E.D.Wis.1978) (In reviewing bankruptcy court's order dismissing petition for voluntary bankruptcy, role of district court is to determine whether bankruptcy court abused its discretion in dismissing petition).

---

**1.** Debtors have failed to raise their constitution challenge with this Court.

## Dismissal of Debtors' Chapter 12 Petition and Denial of Motion to Convert

■ The first question before this Court is whether the Bankruptcy Judge abused his discretion in dismissing debtors' Chapter 12 petition and denying debtors' motion to convert the proceeding from a Chapter 12 to a Chapter 11.

As to the dismissal of debtors' Chapter 12 petition, the Bankruptcy Judge had a number of justifications for dismissal. First, debtors clearly had not met the requirements for protection under Chapter 12. As noted by appellee, § 101(17) of the Bankruptcy Code defines a "family farmer" as an:

(A) individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate non-contingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of farming), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, *and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed....* 11 U.S.C. § 101(17) (Supp.1987) (emphasis added).

By the debtors' own admission, debtors had no farm income in 1986; debtors did, however, have non-farm income in 1986 of approximately $50,000.00. Thus, the Bankruptcy Judge acted properly in dismissing debtors' Chapter 12 petition.

Second, the Bankruptcy Court also justified its dismissal of this proceeding based on the fact that debtors had neither filed a plan nor moved for extension of time within the 90 days mandated by Chapter 12. Section 1208(c)(3) (conversion or dismissal) provides, in relevant part, that:

On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—

    . . . .

(3) failure to file a plan timely under section 1221 of this title...."

11 U.S.C. § 1208(c)(3).

Section 1221 provides that:

"The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend such period if an extension is substantially justified."

In it January 7, 1987 Administrative Order, the Bankruptcy Court emphasized the importance of this filing deadline for the plan by noting that:

"A Chapter 12 plan must be filed within 90 days of the date the petition was filed, unless the court extends the time.... Failure to comply is cause for dismissal under 11 U.S.C. Sec. 1208."

Thus, even if debtors had qualified as a "family farmer," debtors' failure to file a plan within the 90–day period would have justified dismissal. Therefore, the Bankruptcy Court did not abuse its discretion in dismissing debtors' Chapter 12 petition.[2]

---

**2.** Debtors also allege that the notice given by the Bankruptcy Court, which set the hearing for May 22, 1987, was defective in that it did not specifically state that the Court would consider FmHA's motion to dismiss. The contested portion of the Bankruptcy Court's April 2, 1987 form order provided that:

"NOTICE IS HEREBY GIVEN that a *motion/application to lift the automatic* stay was filed by United States of America for FmHA on April 1, 1987. A copy of motion/application to be mailed by movant to all interested parties ...

If an answer is timely filed, a hearing will be held on May 22, 1987, at 2:00 p.m. in U.S. Courthouse, 811 Grand, Room 927, Kansas City, Missouri." (emphasis added)

While § 1208(c)(3) provides that the Bankruptcy Judge may dismiss a case for cause after *notice* and hearing, the Court concludes that the notice informing debtors of FmHA's motion to lift the automatic stay, which argued that debtors were ineligible for relief under Chapter 12, was sufficient to put debtors on notice that the Bankruptcy Judge would consider dismissal of

■ Debtors, however, argue that the Bankruptcy Court erred in failing to sustain debtors' motion to convert the proceeding from a Chapter 12 proceeding to a Chapter 11 proceeding, claiming that conversion should have been allowed as a matter of right. This Court disagrees.

To begin with, as noted by debtors, while § 1208 purports to control conversion of a case from Chapter 12 to another chapter of the Code, there is no language under § 1208 which either permits or prohibits conversion from Chapter 12 to Chapter 11. The relevant provisions under § 1208 provide that:

"(a) The debtor may convert a case under this chapter to a case under Chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) On the request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the Court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

. . . . .

(3) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."

Thus, the plain language of § 1208, while indicating that a debtor has an absolute right to convert from a Chapter 12 reorganization to a Chapter 7 liquidation, states nothing which supports debtors' claim that they had an absolute right to conversion from a Chapter 12 to a Chapter 11. The question for this Court then becomes whether a bankruptcy court *may* permit conversion from a Chapter 12 to a Chapter 11, and, if so, whether the bankruptcy court's failure to allow conversion in this case constitutes an abuse of discretion.

The parties have only been able to cite, and the Court has only been able to find, a few cases which deal with conversion from a Chapter 12 to another section of the Code, other than Chapter 7. In the case of *In re Orr,* 71 B.R. 639 (Bankr.E.D.N.C. 1987), the bankruptcy court allowed a debtor who had filed a Chapter 12 petition, but failed to meet the "family farmer" requirement, to convert to a Chapter 11 proceeding. In so holding, the bankruptcy court rejected the bankruptcy court's ruling in *Matter of Wulf,* 62 B.R. 155 (Bankr.D.Neb. 1986), wherein the court refused to allow an ineligible Chapter 13 debtor to convert to Chapter 11. 71 B.R. at 642. The bankruptcy court in *Matter of Wulf* based its ruling on the premise if a debtor files a petition under a chapter for which the debtor does not qualify, the filing is a nullity and there is no case to convert to another chapter. *Matter of Wulf,* 62 B.R. at 158. In rejecting this premise, the bankruptcy court in *In re Orr* concluded that:

"The Code, however, should not be interpreted so narrowly as to preclude all conversions by ineligible Chapter 12 and Chapter 13 debtors to Chapter 11. Where a petitioner files for relief under Chapter 12 but does not qualify pursuant to 11 U.S.C. § 109[(g)] for relief under Chapter 12, the court may *in its discretion* permit conversion to Chapter 11 where the Chapter 12 petition was filed in good faith, creditors will not be prejudiced by the conversion, and conversion would not be otherwise inequitable." 71 B.R. at 642–643 (emphasis added).

While this Court tends to agree with the Bankruptcy Court's conclusion that conversion from a Chapter 12 to a Chapter 11 or Chapter 13 should be allowed, *In re Orr* does not support debtors' argument that conversion should be allowed as a matter of right. Rather, as emphasized by the bankruptcy court in *In re Orr,* the decision to allow conversion, even in the absence of a finding of bad faith, creditor prejudice or inequitable result, remains a decision resting in the sound discretion of the bankruptcy judge.

■ In this case, the Bankruptcy Judge denied debtors' motion to convert to a Chapter 11, relying primarily on the fact that debtors waited until May 20, 1987,

debtors' petition given the fact that debtors were

*clearly* ineligible for relief under Chapter 12.

some ten days after their plan was due, and on the eve of the May 22, 1987 hearing, to file their motion. The Bankruptcy Judge noted that, "[e]ven were such a practice within the letter of the law, it is not within the spirit of the law." *In re Lawless*, 74 B.R. at 56. Moreover, appellants-debtors have failed to convince this Court that the Bankruptcy Judge abused his discretion in denying debtors' untimely motion to convert. Thus, the Court concludes that the Bankruptcy Judge did not abuse his discretion in dismissing debtors' Chapter 12 petition rather than converting it to a Chapter 11.

### Dismissal With Prejudice

■ Debtors also contend that even if the Bankruptcy Judge properly dismissed debtors' Chapter 12 petition, the dismissal should not have been accompanied by a prohibition against refiling, since there was no finding that their conduct was "willful" within the meaning of § 109(g) of the Code. This Court agrees.

In dismissing debtors' Chapter 12 petition, the Bankruptcy Court's May 29, 1987 order provided that "[t]he Motion to Dismiss, with all its attendant consequences of inability to refile for 180 days is GRANTED." In so ruling, the Bankruptcy Court was apparently relying on 11 U.S.C. § 109(g), since the motion to dismiss filed by FmHA did not specifically request dismissal with prejudice. Section 109(g) provides, in relevant part, that:

> "Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
> (1) the case was dismissed by the court for *willful* failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case...." (emphasis added)

As recently noted by one bankruptcy judge, "absent a showing of debtors' bad faith in their previous dealings with the Court, the debtors' right to file a bankruptcy petition in the future will not be prospectively impaired." *In re McDermott*, 77 B.R. 384 (Bankr.N.D.N.Y.1987). *See also In re Gu-*

*glielmo*, 30 B.R. 102, 108 (Bankr.M.D.La. 1983) (Express finding that filing was in bad faith and that debtor acted in bad faith during pendency of the case by failing to obey a court order justified dismissal with prejudice). Thus, it appears that in order to dismiss a bankruptcy petition with prejudice under § 109(g), there must be a specific finding by the bankruptcy court of "willful failure" to obey a court order or some showing of bad faith.

In this case, while the Bankruptcy Court noted that debtors were derelict in not filing their Chapter 12 plan and failed to meet the requirements for Chapter 12 reorganization, there was no specific finding of "willful failure" or bad faith which would justify dismissal with prejudice. Thus, the Court concludes that the Bankruptcy Judge abused his discretion in prohibiting debtors from filing a Chapter 11 petition for 180 days.

Accordingly, it is hereby

ORDERED that the portion of the Bankruptcy Court's May 29, 1987 order prohibiting debtors from filing another petition for 180 days is reversed. It is further

ORDERED that the Bankruptcy Court's order is affirmed in all other respects.