**In re CCDC FINANCIAL CORPORATION and American Consolidated Financial Corporation, Debtors.**

**CCDC FINANCIAL CORPORATION, Appellant,**

v.

**Donald B. CRAVEN and Timothy D. Matz, Appellees.**

Bankruptcy Nos. 91–22084–11, 91–22083–11.

Civ. No. 92–2098–L.

United States District Court, D. Kansas.

July 17, 1992.

John P. Bennett, Cloon, Bennett, Ronan & Viveros, Thomas L. Steele, Overland Park, Kan., Richard L. Knight, Kansas City, Mo., for debtors.

Peter R. Kolker, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., Joseph M. Chiarelli, Hoskins, King, McGannon & Hahn, Lee's Summit, Mo., for Donald B. Craven, Timothy B. Matz.

Jean C. Hemphill, Monteverde, Hemphill, Maschmeyer & Obert, Philadelphia, Pa., for Kuno Laren, Mary Laren, Kumala Inc., U.S. Securities Corp.

William F. Schantz, Wichita, Kan., U.S. Trustee.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case comes before the court on appeal from an order of the United States Bankruptcy Court dated January 6, 1992,

135 B.R. 423.[1] In the order, the bankruptcy court denied the debtor's request to extend the automatic stay of 11 U.S.C. § 362 to protect CCDC Financial Corporation's ("CCDC") non-debtor president Clifford Roth ("Roth") and enjoin creditors Donald B. Craven ("Craven") and Timothy B. Matz ("Matz") from enforcing a prepetition federal district court order directing Roth to pay money into the federal district court's registry. CCDC asserts that this ruling was in error and that the bankruptcy court should have invoked its equitable power under 11 U.S.C. § 105(a) to extend the automatic stay to Roth and enjoin Matz and Craven from enforcing or attempting to enforce any personal obligation directed toward Roth.

Having thoroughly reviewed the briefs of the parties and the record from the bankruptcy court, this court has determined that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument. Accordingly, oral argument will not be allowed pursuant to Bankruptcy Rule 8012.

In reviewing the findings of the bankruptcy court, this court may set aside findings of fact only if they are clearly erroneous. *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399 (10th Cir.1986). However, conclusions of law are subject to *de novo* review. *In re Blehm Land & Cattle Co.,* 859 F.2d 137 (10th Cir.1988). In addition, mixed questions of law and fact are subject to *de novo* review if such questions involve "primarily a consideration of legal principles." *Matter of Tri-State Equipment, Inc.,* 792 F.2d 967, 970 (10th Cir.1986).

The Bankruptcy Court made the following findings of fact in its January 6, 1992 order:

1. That on October 7, 1991, CCDC filed for relief under Chapter 11 of Title 11, United States Code.

2. That CCDC's parent corporation, American Consolidated Financial Corporation (hereinafter "AmCo"), also filed its Chapter 11 petition on October 7, 1991. Both proceedings were administratively consolidated.

3. That Clifford R. Roth is the sole officer and employee of CCDC and the sole director of AmCo.

4. That on October 18, 1991, CCDC filed its Complaint Seeking to Enjoin Continuation of Actions Extending Automatic Stay and Preliminary Injunction.

5. That on October 21, 1991, the Court entered its Order Granting Temporary Restraining Order and Setting Time for Hearing on Preliminary Injunction, as to Continuation of Action and Extension of Automatic Stay to include Roth who is not a debtor in this case.

6. CCDC, AmCo, Roth, Donald C. Craven and Timothy B. Matz are all parties to an action pending in the United States District Court for the District of Columbia, styled *CCDC Financial Corporation v. Donald B. Craven, et al.,* Civil Action Number 91–1069–LFO (hereinafter the "D.C. action").

7. Kuno Laren, Mary Laren, Kumala Inc., and U.S. Securities Corporation, along with Roth, CCDC, and AmCo are parties to an action pending in the United States District Court for the Western District of Pennsylvania, styled *Kuno Laren v. Micron Products, Inc., et al.,* Civil Action Number 91–4186 (hereinafter the "Micron action").

8. That a hearing was held on November 8, 1991, at which time the parties agreed to continue the temporary restraining order for sixty days, with regard to the Micron action. The debtor has also agreed to give an accounting firm access to its records. With regard to the D.C. action, the Court took the matter under advisement pending the filing of supplemental briefs and proposed findings of fact and conclusions of law by the parties. Said

---

1. The Bankruptcy Court subsequently denied a motion to reconsider the order on March 6, 1992.

briefs and findings of fact and conclusions of law have now been filed.

In its order dated June 6, 1991, the Bankruptcy Court declined to invoke its equitable powers and extend the protection of the automatic stay provided in 11 U.S.C. § 362 to Roth, a nondebtor. CCDC on appeal asks this court to reverse the decision of the Bankruptcy Court and extend the automatic stay to Roth and, further, to enjoin Roth and Matz from proceeding with or attempting to obtain a judgment or decree in the D.C. action.

■ A bankruptcy court may rely upon its equitable power under 11 U.S.C. § 105(a) to subject actions and conduct excepted from the automatic stay to specific injunctive relief. *See In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 599 (10th Cir.1990), *modified sub nom. Abel v. West*, 932 F.2d 898 (10th Cir.1991). "Section 105(a) has been widely utilized in attempts to enjoin court proceedings against non-debtor parties that allegedly will have an impact on the debtor's bankruptcy case," and such attempts require "case by case decisions as to whether any particular action excepted by the automatic stay will result in sufficient harm or interference with the bankruptcy case to warrant the issuance of the specific injunction." *Id.*, citing 2 Collier on Bankruptcy, par. 105–7 to –9.

■ Stays or injunctions issued under Section 105(a) are not automatic upon the commencement of a case, but are granted or issued under the usual rules governing the issuance of injunctions. *In re Vantage Petroleum Corp.*, 25 B.R. 471, 476 (Bankr. E.D.N.Y.1982). These stays are by definition discretionary. Therefore, this court will not overturn the decision of the bankruptcy court absent plain error or abuse of discretion. *See E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318, 325 (8th Cir.1986); *In re Lawless*, 79 B.R. 850 (W.D.Mo.1987). In considering the exercise of the bankruptcy court's discretion, this court does not conduct a balancing test. If there is sound

reason for the decision of the bankruptcy court, it does not matter that there are sound reasons for the opposite result. *In re Coughlin*, 27 B.R. 632 (1st Cir. BAP 1983).

■ The bankruptcy court correctly analyzed the four requirement test for a party seeking an injunction set out in *In re TRS, Inc.*, 76 B.R. 805, 808 (Bankr.D.Kan. 1987). The four requirements CCDC was required to show were: (1) a substantial likelihood that CCDC will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to CCDC outweighs whatever damage the proposed injunction may cause the other party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Id.* The party seeking a specific injunction has a heavy burden of proof which must be supported by substantial evidence. *Id.*

In weighing the evidence as to the four factors set forth above, the bankruptcy court found that CCDC could satisfy only the first requirement.[2] The bankruptcy court found that CCDC had not established that it would be irreparably harmed if the injunction did not issue, that any threatened harm to CCDC outweighed the harm that would occur to Craven and Matz if the injunction issued, or that the injunction would not be adverse to the public interest. After a thorough review of the parties' briefs, the record on appeal and the relevant case law, this court finds that the bankruptcy court's findings that the facts and circumstances of the present case did not warrant an extension of the automatic stay to protect Roth, and the actions that CCDC sought to enjoin would not result in sufficient harm or interference with the bankruptcy case to warrant the issuance of a specific injunction, are supported by the evidence and are not clearly erroneous. *See E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318 (8th Cir.1986); *In re Lawless*, 79 B.R. 850 (W.D.Mo.1987). Therefore, the

2. The probability of success on the merits requirement has been interpreted in the bankruptcy context as the possibility of successfully ef- fectuating a plan of reorganization. *In re TRS, Inc.*, 76 B.R. 805 (Bankr.D.Kan.1987).

bankruptcy court's order dated January 6, 1992 shall be affirmed.

IT IS, THEREFORE, BY THE COURT ORDERED THAT the bankruptcy court's order of January 6, 1992 is hereby affirmed.

IT IS SO ORDERED.