In re Daniel W. SUTHERS,
Tamara P. Suthers.

UNITED STATES of America, Appellant,

v.

Daniel W. SUTHERS, Tamara
P. Suthers, Appellees.

Civ. A. No. 94–0131–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Oct. 3, 1994.

S. Randall Ramseyer, Asst. U.S. Atty., Abingdon, VA, for appellant.

Robert Copeland, Abingdon, VA, for appellee.

Jo S. Widener, Trustee, Bristol, VA.

### MEMORANDUM OPINION

TURK, District Judge.

This case is before the court on appeal from an order entered by The Honorable H. Clyde Pearson, United States Bankruptcy Judge, denying appellant's motion to dismiss and for relief from the stay.

Upon careful consideration of the record, the applicable law, and the briefs submitted by counsel, the court finds that the Bankruptcy Court's denial of appellant's motion must be reversed.

## I. BACKGROUND

The most striking aspect of this case is its procedural background. Debtors filed their voluntary Chapter 12 petition on August 9, 1991. On October 11, 1991, appellant Farmer's Home Administration ("FmHA") filed its proof of claim for $550,332.55 in unpaid principle and $11,131.83 in unpaid interest. Debtors submitted schedules and their first Chapter 12 plan on August 13, 1991.

On December 4 and 5, 1991, FmHA and the Chapter 12 trustee filed objections. The bankruptcy court held a hearing at which it denied confirmation of the plan and ordered debtors to file a new plan within ten days. Thereafter, on December 18, debtors filed an amended Chapter 12 plan.

On April 2 and 7, 1992, the trustee objected to confirmation of the amended plan. FmHA objected to confirmation on January 21, 1992. On May 19, 1992, the bankruptcy court held a hearing, denied confirmation of the plan, and ordered debtors to file a modified plan within ten days.

Debtors filed their second modified Chapter 12 plan on June 4, 1992. FmHA and the trustee again objected to confirmation of the plan, on August 3 and 21, 1992, respectively. On October 8, 1992, the bankruptcy court entered an order confirming the second modified plan and overruling the objections. The trustee filed a notice of appeal on October 23, 1992. Debtors filed a motion to suspend Chapter 12 plan payments on April 4, 1993 and filed a third modified Chapter 12 plan on July 12, 1993. FmHA objected to the third modified plan on August 17, 1993; creditor John Deere Co. objected to the plan on August 19, 1993. On August 27, the bankruptcy court heard the objections and ordered debtors to file a new plan within 45 days.

The district court entered an order vacating confirmation of the second modified plan and remanding the case for further proceedings in the bankruptcy court on September 7,

1993. The bankruptcy court later entered an order requiring debtors to file an amended plan within 60 days.

Debtors submitted their fourth modified Chapter 12 plan on September 29, 1993. Creditors S & W Fertilizer and John Deere objected to confirmation of the fourth modified plan on November 29, 1993 and December 10, 1993 respectively. The trustee objected on December 16, 1993. The court held a hearing on the objections on February 22, 1994 and entered an order on February 25, 1994 denying confirmation and requiring debtors to file an amended plan within 20 days.

On March 3, 1994, debtors filed their fifth modified Chapter 12 plan. FmHA moved to dismiss the petition on March 8, 1994 and objected to confirmation of the fifth modified plan on April 29, 1994. Debtors filed their sixth modified plan on May 5, 1994. Thereafter, on April 26, 1994 FmHA objected to confirmation of the sixth modified plan and on May 18, 1994, filed a motion for relief from the stay. On May 5, June 1, and June 7, 1994 debtors filed "non-material" modifications to the sixth modified plan; FmHA objected to the plan as modified.

The bankruptcy court held a hearing on confirmation of the sixth modified plan and on FmHA's motions to dismiss and for relief from the stay on June 7, 1994. The bankruptcy court denied FmHA's motions and continued the confirmation proceedings. Finally, on June 16, 1994, FmHA filed a timely notice of appeal.

## II. ANALYSIS

Jurisdiction of the court is proper under 28 U.S.C. § 158(a), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees ... of bankruptcy judges."

█ When considering an appeal from the bankruptcy court, the district court is constrained to accept the lower court's findings of fact unless they are clearly erroneous. *In re Johnson,* 960 F.2d 396, 399 (4th Cir.1992). "The district court must, however, make an independent determination of the law." *In*

*re Frank Meador Buick,* 65 B.R. 200, 202 (Bankr.W.D.Va.1986).

█ Yet a third standard of review obtains when the bankruptcy court makes a decision which falls within its discretion under the Bankruptcy Code. Thus, "decisions made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or an abuse of discretion." *In re Lawless,* 79 B.R. 850, 852 (W.D.Mo.1987). Appellant moved for dismissal under 11 U.S.C. § 1208(c). That section provides that the court *"may* dismiss a case under this chapter ..." (emphasis added). The court therefore finds that the decision not to dismiss the case was within the discretion of the bankruptcy court and will employ the appropriate standard of review. *See In re Ames,* 973 F.2d 849, 851 (10th Cir.1992) (applying abuse of discretion standard to decision to dismissal of a chapter 12 case), *cert. denied,* —— U.S. ——, 113 S.Ct. 1261, 122 L.Ed.2d 658 (1993); *Lawless,* 79 B.R. at 853 (holding no abuse of discretion where the bankruptcy judge dismissed debtors' chapter 12 petition and denied debtors' motion to convert the proceeding from a chapter 12 to a chapter 11 case). Given the undisputed facts of the case, the court holds that the bankruptcy court abused its discretion in denying appellant's motion to dismiss.

The relevant language of the Bankruptcy Code states:

> On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—
>
> (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;
>
> . . . .
>
> (9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

11 U.S.C. § 1208(c). In *In re Euerle Farms, Inc.,* the court of appeals held that the bankruptcy court correctly dismissed the case under section 1208(c), citing the debtor's bad faith in conveying unencumbered real estate to corporate insiders and the debtor's incapability of effectuating a plan. 861 F.2d 1089,

1091 (8th Cir.1988) (stating that "a multiplicity of factors may be considered in the aggregate to meet the cause requirement of [section 1208(c) ]"). Moreover, the court in *In re Novak,* determined that the debtors' delay in obtaining confirmation of a plan constituted sufficient cause for relief from the automatic stay. 103 B.R. 403, 411 (Bankr.E.D.N.Y. 1989).

Consideration of the above factors militates in favor of dismissing this case. First, the procedural posture of the case in and of itself demonstrates unreasonable delay and gross mismanagement. The case has floundered in the bankruptcy court over the course of the past three years and through six modified plans. Throughout, debtors have enjoyed the protection of the automatic stay while creditors have watched the value of the estate dwindle.

■ Second, debtors have shown bad faith in several instances. It is undisputed that debtors have incurred further debts without the consent of the bankruptcy court. They have sold collateral securing FmHA's loans without notifying FmHA or paying FmHA the proceeds. Between July 8, 1993 and March 7, 1994 they purchased cows without court approval. They have rented a sod drill without the court's permission. Debtors have incurred approximately $12,000 in post petition real estate tax liability and have allowed their insurance on the property to lapse.[1] In addition, debtors have incurred debt for surveying work performed during the bankruptcy.

Finally, debtors have shown indecision throughout the course of the bankruptcy case. At different times, their plans reflected their intention to run a dairy farm, to subdivide their property, and to run a crop farm. In the interim, FmHA has continued to await payment while suffering from the continuing diminution of the bankruptcy estate.

The court finds the undisputed delays unreasonable as a matter of law. Debtors' waffling during the past three years demonstrates their inability to effectuate a plan and has resulted in a diminution of the bankruptcy estate to the prejudice of FmHA and other creditors. Finally, debtors have not shown the good faith required of them under the Bankruptcy Code. For these reasons, the court holds that the bankruptcy court abused its discretion in failing to dismiss this case pursuant to 11 U.S.C. § 1208(c).

### III. CONCLUSION

For the reasons stated the court finds that the order of the Bankruptcy Court denying appellant's motion to dismiss must be **REVERSED.** An appropriate order consistent with this memorandum opinion shall be entered this day.

### *ORDER*

In accordance with the memorandum opinion filed this day it is **ADJUDGED AND ORDERED** that the order of The Honorable H. Clyde Pearson, United States Bankruptcy Judge, denying the Appellant's motion to dismiss pursuant to 11 U.S.C. § 1208(c) is **REVERSED,** and the case is remanded to the Bankruptcy Court. On remand, the Bankruptcy Court is directed to lift the stay and to dismiss the case.

The Clerk of Court shall strike the case from the Court's active docket and shall send certified copies of this order to all counsel of record.

---

1. The property now is insured once again.