BEAM, Circuit Judge.
 

 George C. Montgomery appeals from an order of the district court
 
 [1]
 
 affirming the section 109(g) dismissal of his second bankruptcy petition. We affirm.
 

 I. BACKGROUND
 

 On March 24, 1992, Montgomery filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. The case was dismissed on June 8,1992, because Montgomery did not attend a section 341 creditors meeting. On August 11, 1992, Montgomery filed a second Chapter 13 petition. Norah Ryan, a creditor, moved to dismiss the second petition arguing that Montgomery was not eligible for bankruptcy relief because he was not a “debtor” within the meaning of 11 U.S.C. § 109. After a hearing, the bankruptcy court granted Ryan’s motion to dismiss and the district court affirmed.
 

 II. DISCUSSION
 

 Under 11 U.S.C. § 109(g)(1), no individual may be a “debtor” if he or she has been a debtor in the preceding 180 days and the previous case was dismissed for “willful failure ... to abide by orders of the court....” Failure to attend a creditors meeting is a failure to obey a court order within the meaning of section 109(g)(1).
 
 See, e.g., In re Pappalardo,
 
 109 B.R. 622, 625 (Bankr.S.D.N.Y.1990). Montgomery argues that dismissal of his
 
 second
 
 petition was not proper because the bankruptcy court, in its order dismissing the
 
 first
 
 petition, did not specifically find a “willful failure.”
 
 [2]
 
 He also argues that the party moving for dismissal bears the burden of establishing such a “willful failure” and that Ryan has not done so. Like the district court, we review the bank
 
 *415
 
 ruptcy court’s legal conclusions de novo and its factual findings under the clearly erroneous standard.
 
 In re Commonwealth Cos., Inc.,
 
 913 F.2d 518, 521 (8th Cir.1990).
 

 Montgomery’s first argument is without merit. No specific finding of willfulness was necessary in the order dismissing the first petition. Section 109(g) was not at issue until Ryan moved to dismiss the
 
 second
 
 petition. A finding of willfulness must be made when a sanction is imposed, but need not be made earlier. Here, a finding of willfulness was necessary only when the bankruptcy court dismissed the second petition.
 
 [3]
 
 Montgomery’s arguments to the contrary amount to “no more than technical and/or semantic game playing.”
 
 In re Ward,
 
 78 B.R. 914, 916 (Bankr.E.D.Ark.1987).
 
 [4]
 

 The remaining issue involves allocation of the burden of proving (or disproving) willfulness under section 109(g)(1). There is no evidence in the record (other than a copy of the first dismissal order of the bankruptcy court) regarding the circumstances of Montgomery’s failure to attend the creditors meeting. Thus, the allocation issue is dispos-itive. If the burden is Montgomery’s, his appeal fails. If the burden falls to Ryan, we must reverse.
 

 The district court found that Montgomery bears the burden of showing that his failure to attend the creditors meeting was
 
 not
 
 willful.
 
 [5]
 
 We agree. The burden of establishing eligibility in bankruptcy lies with the party filing the bankruptcy petition. In
 
 In re Tim Wargo & Sons, Inc.,
 
 869 F.2d 1128, 1130 (8th Cir.1989), we required the filing debtor to prove its eligibility for relief under Chapter 12. In
 
 Jenkins v. Petitioning Creditor
 
 — Ray
 
 E. Friedman & Co.,
 
 664 F.2d 184, 186 (8th Cir.1981), a pre-Code case, we placed the burden of establishing eligibility on the creditor who filed the involuntary petition. Though this court has not previously addressed an eligibility issue specifically involving section 109(g), we believe our previous holdings are applicable here.
 

 As Montgomery asserts, some lower courts have placed the burden on the creditor to show willfulness when the issue is raised by the creditor in a motion to dismiss.
 
 See, e.g., In re Arena,
 
 81 B.R. 851 (Bankr.E.D.Pa.1988);
 
 In re Inesta Quinones,
 
 73 B.R. 333, 336 (Bankr.D.P.R.1987). They have done so without discussion,
 
 [6]
 
 however, and are inconsistent with the precedent in this circuit. In
 
 Tim Wargo & Sons, Inc.,
 
 we found the burden of establishing eligibility to fall on the filing debtor even though the issue was raised by the creditor. 869 F.2d at 1130.
 

 Thus, we hold that where a section 109(g) issue is properly raised, the filing party must establish that the failure to obey a court order was not willful. This result is sup
 
 *416
 
 ported by policy considerations. Section 109(g) was enacted as part of a scheme to “curb abuses of the bankruptcy code and make its use truly a last resort.” 130 Cong. Rec. 8894,
 
 reprinted in
 
 1984 U.S.C.C.A.N. 576, 590, 598 (statement of Sen. Hatch). It would frustrate this purpose to require a creditor to prove a “willful failure” while a debtor who failed to comply with a court order stands silent.
 

 In this ease, the burden was on Montgomery to explain his failure to attend the creditors meeting. Since he has offered no evidence on this point, the bankruptcy court’s finding was not clearly erroneous.
 

 III. CONCLUSION
 

 For the foregoing reasons, the order of the district court is affirmed.
 

 RICHARD S. ARNOLD, Chief Judge, concurring in the judgment.
 

 I agree with the Court that, in the special circumstances of this case, it is fair to put the burden of proof on the filing debtor on the issue of fact of willfulness. I would limit this holding, however, to the burden of production, the burden of going forward initially with evidence.
 

 Here, only the debtor knows why he did not attend the creditors’ meeting at the time of the prior proceeding. He was given a chance to explain and did not take it. He has still offered no explanation for this violation of a court order. One suspects that the bankruptcy process is being abused. If the debtor had produced some evidence tending to show that his default was not willful, I would probably require the objecting creditor to go forward with rebutting evidence, and place the burden of persuasion on the creditor. But that did not happen here. We could require the creditor, I suppose, to depose the debtor and explore the reasons for the latter’s default, but that seems to me to put too much of a burden on the one party in this case that we know to be innocent.
 

 I therefore agree that the judgment should be affirmed.
 

 [1]
 

 . The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.
 

 [2]
 

 . The order of dismissal provided as follows:
 

 Debtor(s) having failed to show cause, after notice, IT IS
 

 ORDERED AND YOU ARE HEREBY NOTIFIED THAT
 
 this Chapter 13 case is
 
 DISMISSED
 
 for Debtor(s) failure to appear for examination at the 11 U.S.C. § 341 Creditors Meeting....
 

 [3]
 

 . This finding was made when the bankruptcy court found that “the facts herein warrant imposition of sanctions pursuant to 11 U.S.C. § 109(g).” Though the term “willful” was not used, we agree with the district court that this language is properly read to constitute a finding of willfulness.
 

 [4]
 

 . Montgomery contends that the court in
 
 In re Lawless,
 
 79 B.R. 850 (W.D.Mo.1987), reached a contrary result. We disagree. In
 
 Lawless,
 
 the district court considered a bankruptcy court order which both dismissed the bankruptcy petition
 
 and
 
 barred additional bankruptcy filings for 180 days. Because a section 109(g) sanction was imposed
 
 as part of the order dismissing the original petition,
 
 the court properly required a finding of willfulness.
 
 Id.
 
 at 853. Both
 
 Lawless
 
 and our holding in this case are consistent with the fundamental proposition that required factual findings must be made before a sanction is imposed.
 

 [5]
 

 . Specifically, the district court held that Montgomery "bears the burden of demonstrating that jurisdiction in the bankruptcy court is proper.” To the extent the district court characterized section 109(g)(1) as a jurisdictional provision, it was in error. We have held that 11 U.S.C. § 109 is not meant to restrict the jurisdiction of the federal courts.
 
 Rudd v. Laughlin,
 
 866 F.2d 1040, 1042 (8th Cir.1989).
 
 See also In re Phillips,
 
 844 F.2d 230, 235 n. 2 (5th Cir.1988) (discussing negative consequences of interpreting section 109(g) as a limit
 
 on
 
 subject matter jurisdiction of bankruptcy courts). Section 109 determines eligibility for bankruptcy relief, not jurisdiction.
 

 [6]
 

 .Also without discussion, some courts have placed the burden on the debtor.
 
 See In re Huerta,
 
 137 B.R. 356, 375 (Bankr.C.D.Cal.1992) ("The burden of proof under 109(g) is on debtor to show his inability to obey the prior court order.”);
 
 In re Fulton, 52
 
 B.R. 627, 634 (Bankr.D.Utah 1985) ("[I]n this case the burden is on the debtors to show that they are eligible for relief under the Bankruptcy Code.”).