[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2116

JOSE RAUL PEREZ,

Appellant,

v.

FAJARDO FEDERAL SAVINGS BANK, ET AL.,

Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]



Before

Torruella, Chief Judge, 
Campbell, Senior Circuit Judge, 
Boudin, Circuit Judge. 



Jose Raul Perez on brief pro se. 
Viviana Rodriguez Ortiz and Garcia & Fernandez on brief for 
appellees.



June 13, 1997


Per Curiam. Debtor-appellant Jose Raul Perez 

appeals pro se from a decision of the district court 

affirming the dismissal of his third Chapter 13 bankruptcy

case and a related adversary proceeding. We affirm.

Under 11 U.S.C. 109(g)(1), no individual may be a

"debtor" if he or she has been a debtor in the preceding 180

days and the previous case was dismissed for "willful failure

. . . to abide by orders of the court, or to appear before

the court in proper prosecution of the case." Perez's second

bankruptcy case was dismissed based upon his failure to file

a plan or schedules, failure to appear at the 341

creditors' meeting, and failure to make payments. The third

bankruptcy petition was filed within 180 days of the

dismissal of the second. Relying on these facts, creditor

Fajardo Federal Savings Bank argued before the bankruptcy

court that Perez was ineligible for bankruptcy relief under 

109(g)(1). The bankruptcy judge agreed, finding a willful

failure to abide by orders of the court and to prosecute.

Perez argues that it was error to dismiss his third

case pursuant to 109(g)(1) because the bankruptcy court, in

its order dismissing the second case, did not specifically

find a "willful" failure. He also contends that he was not

put on notice that willfulness would be an issue. Finally,

-2-

he argues that the evidence does not support a finding of

willfulness.

Contrary to Perez's suggestion, no specific finding

of "willfulness" was necessary in the order dismissing the

second petition. A finding of willfulness may be made at the

time of a dismissal. However, it can also be made in a

subsequent case when the bankruptcy court is called up to

determine if the earlier dismissal renders the debtor

ineligible under 109(g) to proceed in the subsequent case.

See Montgomery v. Ryan (In re Montgomery), 37 F.3d 413, 415 

(8th Cir. 1994); In re Robinson, 198 B.R. 1017, 1023 n.8 

(Bankr. N.D. Ga. 1996). 

We think that Fajardo Federal's citation to 

109(g) put Perez on notice that willfulness would be an

issue. Moreover, Perez's opposition to the motion to

dismiss--in which he argued that "the previous case was not

dismissed for willful failure"--makes it plain that he was 

aware it was a key issue.

Finally, based on the record before him, the

bankruptcy judge did not clearly err in finding willfulness.

There was a pattern of failure to abide by court orders, as

well as of failure to prosecute.1 Moreover, Perez did not 1

 

1Perez's first bankruptcy case was dismissed after he 1
failed to file a plan and failed to show up at the 341
creditors' meeting. The second case was dismissed based upon
Perez's failure to file a plan or schedules, failure to
appear at the 341 creditors' meeting, and failure to make

-3-

introduce any evidence on the point. Under the

circumstances, an inference of willfulness was justified.

See, e.g., In re Herrera, 194 B.R. 178, 189 (Bankr. N.D. Ill. 

1996) (inferring willful conduct based on a pattern of

repeated failures).

Since the dismissal of the third bankruptcy case

was proper under 109(g)(1), we need not consider the

alternative bases given for dismissal. Perez has waived, for

failure to raise the issue in his brief, any argument that

the dismissal of the adversary proceeding was in error.

Finally, since it is not material to any decision before us,

we need not consider whether the bankruptcy judge erred in

making certain findings in connection with a motion to stay

pending appeal.

Affirmed.2 2 

 

payments. In his third case, Perez filed his plan late and
failed to file a statement of affairs or schedules.

2The motion of appellee Juan R. Zalduondo-Viera to join 2
the brief of Fajardo Federal Savings Bank is granted.

-4-