USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2116 JOSE RAUL PEREZ, Appellant, v. FAJARDO FEDERAL SAVINGS BANK, ET AL., Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ Boudin, Circuit Judge. _____________ ____________________ Jose Raul Perez on brief pro se. _______________ Viviana Rodriguez Ortiz and Garcia & Fernandez on brief for _________________________ ____________________ appellees. ____________________ June 13, 1997 ____________________ Per Curiam. Debtor-appellant Jose Raul Perez ___________ appeals pro se from a decision of the district court ___ __ affirming the dismissal of his third Chapter 13 bankruptcy case and a related adversary proceeding. We affirm. Under 11 U.S.C. 109(g)(1), no individual may be a "debtor" if he or she has been a debtor in the preceding 180 days and the previous case was dismissed for "willful failure . . . to abide by orders of the court, or to appear before the court in proper prosecution of the case." Perez's second bankruptcy case was dismissed based upon his failure to file a plan or schedules, failure to appear at the 341 creditors' meeting, and failure to make payments. The third bankruptcy petition was filed within 180 days of the dismissal of the second. Relying on these facts, creditor Fajardo Federal Savings Bank argued before the bankruptcy court that Perez was ineligible for bankruptcy relief under  109(g)(1). The bankruptcy judge agreed, finding a willful failure to abide by orders of the court and to prosecute. Perez argues that it was error to dismiss his third case pursuant to 109(g)(1) because the bankruptcy court, in its order dismissing the second case, did not specifically find a "willful" failure. He also contends that he was not put on notice that willfulness would be an issue. Finally, -2- he argues that the evidence does not support a finding of willfulness. Contrary to Perez's suggestion, no specific finding of "willfulness" was necessary in the order dismissing the second petition. A finding of willfulness may be made at the time of a dismissal. However, it can also be made in a subsequent case when the bankruptcy court is called up to determine if the earlier dismissal renders the debtor ineligible under 109(g) to proceed in the subsequent case. See Montgomery v. Ryan (In re Montgomery), 37 F.3d 413, 415 ___ __________ ____ ________________ (8th Cir. 1994); In re Robinson, 198 B.R. 1017, 1023 n.8 _______________ (Bankr. N.D. Ga. 1996).  We think that Fajardo Federal's citation to  109(g) put Perez on notice that willfulness would be an issue. Moreover, Perez's opposition to the motion to dismiss--in which he argued that "the previous case was not dismissed for willful failure"--makes it plain that he was _______ aware it was a key issue. Finally, based on the record before him, the bankruptcy judge did not clearly err in finding willfulness. There was a pattern of failure to abide by court orders, as well as of failure to prosecute.1 Moreover, Perez did not 1  ____________________ 1Perez's first bankruptcy case was dismissed after he 1 failed to file a plan and failed to show up at the 341 creditors' meeting. The second case was dismissed based upon Perez's failure to file a plan or schedules, failure to appear at the 341 creditors' meeting, and failure to make -3- introduce any evidence on the point. Under the circumstances, an inference of willfulness was justified. See, e.g., In re Herrera, 194 B.R. 178, 189 (Bankr. N.D. Ill. ___ ____ _____________ 1996) (inferring willful conduct based on a pattern of repeated failures). Since the dismissal of the third bankruptcy case was proper under 109(g)(1), we need not consider the alternative bases given for dismissal. Perez has waived, for failure to raise the issue in his brief, any argument that the dismissal of the adversary proceeding was in error. Finally, since it is not material to any decision before us, we need not consider whether the bankruptcy judge erred in making certain findings in connection with a motion to stay pending appeal. Affirmed.2 2 _________  ____________________ payments. In his third case, Perez filed his plan late and failed to file a statement of affairs or schedules. 2The motion of appellee Juan R. Zalduondo-Viera to join 2 the brief of Fajardo Federal Savings Bank is granted. -4-