**William ELSTER, Plaintiff-Appellant,**

v.

**Thomas W. ALEXANDER et al.,
Defendants-Appellees.**

No. 77–3276.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1979.

Edward L. Savell, Atlanta, Ga., Pincus, Munzer, Bizar, D'Alessandro & Dugan, Irving Bizar, New York City, for plaintiff-appellant.

Ronald L. Reid, Charles S. Johnson, III, Sidney O. Smith, Jr., Atlanta, Ga., for Price Waterhouse.

Gary W. Hatch, Hugh M. Dorsey, Jr., Atlanta, Ga., for all remaining defendants-appellees.

Before TUTTLE, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

William Elster appeals the district court's order denying his motion for class certification under Fed.R.Civ.P. 23 in a securities fraud case. Elster appealed on October 26, 1977, asserting jurisdiction in this court under the "death knell" doctrine and the collateral order doctrine articulated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In February 1978, defendants moved to dismiss the appeal arguing that the district court's order was not final, thus was not appealable under 28 U.S.C. § 1291.

In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), decided June 21, 1978, the Supreme Court rejected Elster's jurisdictional contentions and held that "orders relating to class certification are not independently appealable under § 1291 prior to judgment." 437 U.S. at 470, 98 S.Ct. at 2458.

In the wake of *Coopers & Lybrand,* Elster urges that we treat his appeal as a petition for mandamus. *See Leesona Corp. v. Cotwool Manufacturing Corp.,* 308 F.2d 895 (4th Cir. 1962); *Arrowhead Co. v. The Aimee Lykes,* 193 F.2d 83 (2d Cir. 1951). He seeks the writ of mandamus to compel the trial court to conduct a hearing in making a class determination.

Elster cites our holding in *Satterwhite v. City of Greenville,* 578 F.2d 987, 993 n.7 (5th Cir. 1978) (en banc), to support his contention that a hearing was mandatory. He convincingly reasons that if a hearing had been held he would have then been afforded the opportunity to amend and tailor his complaint to eliminate the district court's valid objections to class certification.

Elster retains the opportunity to amend his pleading, however, upon return of the case to the district court.

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). He may then renew his motion for class certification. The district court has a continuing power under Fed.R.Civ.P. 23(c)(1). Its certification decision "is not irreversible and may be altered or amended at a later date." 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1785, at 137 (1972).

We perceive no basis for concluding that following this decision the district court will not handle these matters properly as they are presented to it. A writ of mandamus is clearly unnecessary at this stage, and we decline to decide the circumstances, if any, under which its issuance might be appropriate.

APPEAL DISMISSED.