Busch, Inc. (Abel), the prevailing appellants in *In re Western Real Estate Fund, Inc.*, 922 F.2d 592 (10th Cir.1990). Landsing Diversified Properties–II (LDP) and the First National Bank and Trust Company of Tulsa (FNB), appellees, have submitted a response in opposition. Our mandate in this case having issued, our jurisdiction arises under 28 U.S.C. § 1651(a). *See Estate of Whitlock v. Commissioner*, 547 F.2d 506, 510 (10th Cir.1976), *cert. denied*, 430 U.S. 916, 97 S.Ct. 1329, 51 L.Ed.2d 594 (1977).

In concluding our prior opinion, we stated: "The injunction issued against Abel is AFFIRMED only insofar as it temporarily precludes, during the pendency of this bankruptcy proceeding, the pursuit of fees that are subject to indemnification by LDP ..." *In re Western Real Estate*, 922 F.2d at 602. Complying with our mandate, the district court initially entered a judgment enjoining Abel from pursuit of its fees during the preparation and confirmation of LDP's reorganization plan. Upon motion of LDP and FNB, however, the district court then amended its judgment to enjoin Abel "during the pendency of the bankruptcy proceeding."

Although the amended judgment duplicates one part of our conclusion, the first judgment of the district court on remand was consistent with the intent expressed in the opinion.[1] In that opinion, we indicated that a temporary injunction may be appropriate during the development and evaluation of a reorganization plan, but it would not be appropriate post-confirmation in the form of a permanent injunction. *Id.* at 600. We also followed *In re American Hardwoods, Inc.* 885 F.2d 621, 624–25 (9th Cir. 1989), to the same effect. *In re Western Real Estate*, 922 F.2d at 601–602.

Given the apparent ambiguity contained in our mandate, however, we feel that we should modify the final paragraph of our prior opinion as follows:

> To sum up, the bankruptcy court's determination of Abel's contract claim for pre-petition fees is REVERSED and the

cause is REMANDED for reconsideration in light of the principles set out herein. The injunction issued against Abel is AFFIRMED only insofar as it temporarily precludes, pending confirmation of a reorganization plan, the pursuit of fees that are subject to indemnification by LDP; in all other respects the injunction is VACATED.

With this clarification, we see no need to grant the petition for writ of mandamus. *See Elster v. Alexander*, 608 F.2d 196, 197 (5th Cir.1979). We recall our mandate in No. 89–6277, *In re Western Real Estate, Inc.* and modify the opinion as above. As likewise modified, the mandate in No. 89–6277, *In re Western Real Estate, Inc.*, shall issue forthwith.

SO ORDERED.

---

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald TEAGUE, Defendant–Appellant.**

No. 89–8181.

United States Court of Appeals,
Eleventh Circuit.

May 17, 1991.

William A. Morrison, Jones, Morrison & Womack, PC, Atlanta, Ga., for defendant-appellant.

Michael J. O'Leary, Gerrilyn Brill, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

---

1. The district court may consult the opinion for guidance as to the intent of the mandate. *Cherokee Nation v. Oklahoma*, 461 F.2d 674, 678 (10th Cir.), *cert. denied*, 409 U.S., 1039, 93 S.Ct. 521, 34 L.Ed.2d 489 (1972).

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK, EDMONDSON, COX, BIRCH and DUBINA, Circuit Judges.

BY THE COURT:

A member of this court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in this court in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the above cause shall be reheard by this court en banc. The previous panel's opinion is hereby VACATED.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK, EDMONDSON, COX, BIRCH and DUBINA, Circuit Judges.

BY THE COURT:

A member of this court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in this court in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the above cause shall be reheard by this court en banc. The previous panel's opinion is hereby VACATED.

**Buddy NICHOLS, Petitioner–Appellee Cross–Appellant,**

v.

**Mac Sim BUTLER, Sheriff; Don Siegelman, Attorney General of the State of Alabama, Respondents–Appellants Cross–Appellees.**

No. 90–7101.

United States Court of Appeals, Eleventh Circuit.

May 17, 1991.

Robert E. Lusk, Jr., Asst. Atty. Gen., Montgomery, Ala., for respondents-appellants cross-appellees.

Dennis N. Balske, Montgomery, Ala., for petitioner-appellee cross-appellant.

**Patricia S. ABRAHAM, as Personal Representative of the Estate of Raymond Zedan Abraham, Deceased, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–3589.

United States Court of Appeals, Eleventh Circuit.

May 31, 1991.