Joseph V. SOLITO and Alicia W. Solito

v.

UNITED STATES of America.

Civ. A. No. 94–0541.
Bankruptcy No. 93–BK–10734–S07.
Adv. No. 93–AP–1047.

United States District Court,
W.D. Louisiana,
Shreveport Division.

June 21, 1994.

Ralph S. Bowie, Jr., Daye Bowie & Beresko, Shreveport, LA, for appellants.

Neal I. Fowler, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellee.

## MEMORANDUM RULING AND ORDER

WALTER, District Judge.

Pending before this Court is an appeal from the United States Bankruptcy Court for the Western District of Louisiana brought by Joseph and Alicia Solito. For the following reasons, the Bankruptcy Court's decision is AFFIRMED.

### FACTS

On January 30, 1987, Joseph and Alicia Solito filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. The appellants were granted a discharge pursuant to 11 U.S.C. 1328(a) on November 19, 1992. The subject of the present action concerns post-petition federal income taxes for the years 1986, 1987, 1988 and 1989, which accrued during the time the Solito's assets were under the protection of ·the Bankruptcy Court. The Internal Revenue Service contends that the tax liability that accrued during the years the Solito's assets were protected by the Chapter 13 case amounts to $23,311.58 plus penalties and interest.[1]

The appellants maintain that this Court should reverse the judgment of the Bankruptcy Court and discharge the debts' claimed by the IRS under 11 U.S.C. 523(a) and 11 U.S.C. 507(a) because the three year period provided for the government to collect accrued taxes, penalties and interest has expired.

The Bankruptcy Court held that the appellant's income tax liabilities for the 1985, 1986, 1987, 1988 and 1989 tax years were not dischargeable based upon the equitable powers of the court under 11 U.S.C. § 105, in conjunction with 11 U.S.C. §§ 108(c), 507(a)(7)(A)(i), 523(a)(1)(A), and 523(a)(7).

The Bankruptcy Court reasoned that the three year period provided in § 507(a)(7)(A)(i) and 523(a)(7) was equitably suspended for the time that the appellants were in the previous Chapter 13 case because the United States was stayed from collecting the taxes at issue pursuant to an automatic stay imposed by 11 U.S.C. § 362.

---

1. The government contends that the appellants have also failed to pay a small part of their federal income tax liability for their 1985 tax year. This is a pre-petition claim from the prior Chapter 13 bankruptcy case. Therefore, the only issue before the court on this appeal is the dischargeability of the tax liabilities under the present Chapter 7 action, not whether any remaining 1985 tax liability is actually due.

The Bankruptcy Court further held that the interest and penalties that arose during the automatic stay were also excepted from discharge. The Bankruptcy Court reasoned that there was no distinction between suspending the time under § 507(a)(7)(A)(i) for the underlying tax liability and suspending the time under § 523(a)(7) for the tax penalties and interest because the government was prevented from collecting all accruing tax liabilities by the automatic stay imposed by Section 362.

### LAW AND ANALYSIS

■ There are no sections of the Bankruptcy Code which expressly provide that in the case of successive petitions in bankruptcy the three year period for the IRS to assess and collect accruing tax liabilities imposed by 523(a)(7) or 507(a)(7)(A)(i) might be suspended during the pendency of previous bankruptcy cases. However, 11 U.S.C. § 105(a) grants the Bankruptcy Court the power to "issue any order, process or judgment that is necessary to carry out the provisions" of the Bankruptcy Code and take "any action or make any determination necessary to enforce or implement court orders or rules or to prevent the abuse of process." *See United States v. Energy Resources Company*, 495 U.S. 545, 549, 110 S.Ct. 2139, 2142, 109 L.Ed.2d 580 (1990) ("traditional understanding" that Bankruptcy Courts are courts of equity and, under 11 U.S.C. § 105(a), they may "issue any order, process or judgment necessary or appropriate to carry out the provisions" of the Bankruptcy Code).

In *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601 (10th Cir.1990), modified on other grounds, *Abel v. West*, 932 F.2d 898 (10th Cir.1991), the Tenth Circuit recognized the "supplementary equitable powers" granted bankruptcy courts under 11 U.S.C. § 105(a) but went on to state such powers "may not be exercised in a manner that is inconsistent with the other, more specific provisions of the Bankruptcy Code."

■ The Seventh Circuit in *In re Montoya*, 965 F.2d 554, 555 (7th Cir.1992), summarized the interplay of the various codal provisions that apply to dischargeability as follows:

In this case, the appellants seek to have their tax liabilities for the years which they were in a Chapter 13 bankruptcy case discharged under the present Chapter 7 filing. Under Chapter 7 of the Bankruptcy Code a debtor may, with certain exceptions, be discharged from all debts incurred before a bankruptcy petition is filed. 11 U.S.C. § 727(b). Exceptions are found in § 523 which renders nondischargeable debts which are entitled to priority under § 507 of the Code. 11 U.S.C. § 523(a)(1)(A).[2] *Section 507* mandates that taxes due within three years of the bankruptcy petition are not dischargeable. 11 U.S.C. § 507(a)(7)(A)(i).[3] Therefore, absent the Chapter 13 proceeding, the [taxpayer's] tax debt would have been discharged because the last date on which their tax returns could have been filed fell outside the three year nondischargeability. However, that [Chapter 13] proceeding affects this calculation because under § 362 of the Bankruptcy Code, an automatic stay is imposed on all creditor's actions against the debtor and the IRS was prohibited

2. Section 523 provides in part:
a) A discharge under §§ 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge the individual debtor from any debt—(1) for tax or customs duty—(a) of the kind and for periods specified in § 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax has been allowed; . . . .

3. Section 507(a)(7)(A)(i) provides:
(a) The following expenses and claims have priority in the following order: Seventh, allowed unsecured claims of governmental units only to the extent that such claims are for—(a) a tax on or measure by income or gross received—(i) for taxable year ending on or before the date of the filing of petition for which a return, if required, is last due, including extensions, after three years before the date of filing of petition; . . . .

from collecting any taxes.[4]

The Tenth Circuit in *In re Richards,* 994 F.2d 763 (10th Cir.1993), considered the Bankruptcy Court's equitable power under 11 U.S.C. § 105(a) to order a suspension of the 240 day assessment period provided for in 11 U.S.C. 507(a)(7)(A)(ii) for the time the debtor was in his first bankruptcy period. The *Richards* court summarized the workings of the Bankruptcy Code and the tolling of the periods provided for in § 507(a)(7):

> Section 507(a)(7)(A)(i) grants the government seventh priority for unpaid income taxes if the tax liability dates less than three years from the date of the filing of the petition for bankruptcy. Section 507(a)(7)(A)(ii) also grants the government seventh priority for unpaid income taxes assessed within 240 days of the commencement of the bankruptcy petition. Thus, § 507(a)(7)(A) limits the priority status to more recent, but unpaid taxes, and denies priority status to so-called 'stale' tax claims. In so doing, Congress intended to give the government the benefit of certain time periods to pursue its collection efforts. By suspending the 240 day period during Richards first bankruptcy, the Bankruptcy Court insured that the government was not deprived of the full benefit of the 240 days within which it could pursue its post assessment collection remedies. This use of the equitable authority in 11 U.S.C. § 105(a) is not inconsistent with any specific provision of the Bankruptcy Code, and, in our view, is consistent with the underlying philosophy of the Bankruptcy Code.

> Further, the policy of insuring that the government have adequate time to collect unpaid taxes un-impeded by an intervening bankruptcy is reflected in a series of tolling provisions. For example, 11 U.S.C. § 108 suspends that statute of limitations for actions outside of bankruptcy for pendency of the current bankruptcy proceedings. And, 26 U.S.C. § 6503(h) of the Internal Revenue Code suspends the time within which the government can collect a debtor's taxes for the pendency of the bankruptcy proceedings and six months thereafter.

*Id.* at 765.

The *Richards* court went on to hold that "although the reasoning of the courts which have addressed the precise present problem varies, the results have consistently been the same, i.e., neither the three year period provided for in 11 U.S.C. § 507(a)(7)(A)(i) nor the 240 day period provided for in 11 U.S.C. § 507(a)(7)(A)(ii) runs during the pendency of the first of two successive bankruptcies." *Id.* at 766. *See also In re Molina,* 99 B.R. 792 (S.D.Ohio 1988) (three year period in 11 U.S.C. § 507(a)(7)(A)(i) was suspended for the filing of the first bankruptcy petition); *In re Brickley,* 70 B.R. 113 (9th Cir. BAP 1986) (11 U.S.C. § 108(c) in conjunction with 26 U.S.C. § 6503 suspends the three year tax collection period in 11 U.S.C. § 507(a)(7)(A)(i) while the debtor's assets were protected by the Bankruptcy Court).

## CONCLUSION

In this case, the government was prevented by the automatic stay provided for in 11 U.S.C. § 362(a) from attempting to collect the post-petition taxes, penalties and interest that accrued during the time that the Solito's were under their previous Chapter 13 bankruptcy proceeding. It follows that the three year period should not run while the Solito's were in their first bankruptcy and the government was under the automatic stay.[5] Therefore, the Bankruptcy Court's ruling to

---

**4.** The appellants claim that the tax liens filed by the IRS is evidence that it violated the automatic stay of § 362 or that it could have, in fact, collected those taxes. However, appellant's argument is without merit. It is irrelevant that the IRS filed the tax lien because the automatic stay imposed by Section 362, in fact, prevented the IRS from collecting the taxes, interest and penal-ties that accrued during the previous bankruptcy proceeding.

**5.** "To follow the debtor's argument would render the three year period provided for in 11 U.S.C. § 507(a)(7)(A)(i) without meaning, because such a result would sanction tax avoidance schemes since debtors could simply file a subsequent

suspend the three year period while the appellants were under the protection of the Bankruptcy Court under their initial Chapter 13 case fulfills and preserves Congress' intent to afford the government certain time periods to pursue collection efforts.

### ORDER

Because the IRS has not yet had three years to collect the accrued tax liabilities of the appellants, the Solito's tax liability is not discharged and the judgment of the Bankruptcy Court is AFFIRMED.

bankruptcy proceeding after three years had passed and deliberately avoid paying their taxes." *In re Montoya,* 965 F.2d 554, 556 (7th Cir.1992).