In re Darwin J. **THOMAS** and Stephanie Thomas, Debtors.

**Bankruptcy No. 97–20766.**

United States Bankruptcy Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Jan. 23, 1998.

### MEMORANDUM RULING

GERALD H. SCHIFF, Bankruptcy Judge.

Darwin J. Thomas and Stephanie Thomas ("Debtors") filed the present petition for relief under chapter 13 of the Bankruptcy Code on July 2, 1997. The United States of America, through the Department of the Treasury, Internal Revenue Service ("IRS"), timely filed a proof of claim ("IRS Claim"). The IRS Claim is for $29,457.12, of which $16,-184.12 is alleged to be entitled to priority under section 507(a)(8) (including $2,096.96 for tax year 1993), while the balance is unsecured without priority.

The Debtors have filed an Objection to Internal Revenue Service Proof of Claim ("Objection"). A hearing on the Objection was held on January 8, 1998. Present at the hearing were Gerald J. Casey, counsel for Debtors, Thomas Thompson, counsel for the IRS, and Barton Bernard, counsel for Keith A. Rodriguez ("Trustee"), the standing chapter 13 trustee. After hearing argument of counsel, the court took the matter under advisement. For the following reasons, the court overrules the Objection.

The Debtors' first chapter 13 case, Case Number 96–21029, was filed on November 1, 1996. That case was dismissed on June 6, 1997. Shortly thereafter, on July 2, 1997, the present case was filed.

The Debtors take the position that the claim for taxes for tax year 1993 is not entitled to priority under section 507(a)(8)(A) as the tax obligation became due more than 3

years prior to the filing of the present case. This argument is based upon a literal reading of section 507(a)(8): without any extension, the income tax return for calendar year 1993 was last due on April 15, 1994; since this case was filed subsequent to April 15, 1997, the Debtors' obligation for 1993 taxes would thus be outside of the priority period.

The IRS, on the other hand, argues that the three-year period has not lapsed because of the pendency of the Debtor's prior chapter 13 case. While there is no statute stating precisely this position, the case law overwhelmingly supports the position of the IRS that the three-year period was tolled during the time the first case was pending. *See, e.g., In re Waugh,* 109 F.3d 489 (8th Cir. 1997); *In re Taylor,* 81 F.3d 20 (3rd Cir. 1996); *In re West,* 5 F.3d 423 (9th Cir.1993); *In re Richards,* 994 F.2d 763 (10th Cir.1993); *In re Montoya,* 965 F.2d 554 (7th Cir.1992).

While there is no Fifth Circuit authority on the issue, a decision of the United States District Court for the Shreveport Division of the Western District of Louisiana, following the majority view of the circuits, held that the three-year period is to be suspended during the pendency of the first of two successive bankruptcies. *Solito v. U.S. (In re Solito),* 172 B.R. 837 (W.D.La.1994). In *Solito,* the court recognized that the policy behind section 507(a)(8) was to give the government the benefit of certain time periods to pursue its collection effects. As the government was prohibited by the automatic stay of section 362 from pursuing its collection efforts, the court reasoned that the three-year period should not run while the debtors were in their first bankruptcy at a time when the government was under the prohibitions of the automatic stay of section 362.

For the foregoing reasons, the court finds that the three-year period provided by section 507(a)(8) was suspended during the pendency of the Debtors' first chapter 13 case. Since the first chapter 13 case was pending for approximately 218 days, the three-year window for 1993 taxes was extended past April 15, 1997, for the same number of days, or, until on or about November 20, 1997. Since the instant case was filed on July 2, 1997, three years had not lapsed since the Debtors' 1993 tax return was last due, at least for purposes of section 507(a)(8). Accordingly, the IRS is entitled to priority for the taxes due for the 1993 tax year. The Objection is **OVERRULED.**

**IT IS SO ORDERED.**