MORITZ, Circuit Judge,
concurring in the judgment.
I respectfully concur in the judgment. Unlike the majority, I conclude the panel in Cook v. Rockwell International Corp., 618 F.3d 1127 (10th Cir.2010) (Cook I) left no portion of the jury’s verdict intact, so I would affirm the district court’s determination that the mandate rule precludes “reinstatement” of any portion of the judgment. But because the Cook I panel remanded all of the claims before it to the district court, I would hold that any state law nuisance claims remain pending requiring our consideration of the district court’s alternative conclusion that the Price-Anderson Act (“PAA”) preempted any independent state law nuisance claim.
On the PAA issue, I disagree with the majority’s conclusion that the law of the case doctrine precludes the defendants’ preemption argument. But I agree with the majority that the PAA does not preempt the plaintiffs’ state law claims. And consistent with the majority’s ultimate disposition, I would remand this case to district court. Finally, while the majority holds that an independent state law “verdict” survived Cook I and on remand the district court can simply reenter judgment on that verdict, I conclude otherwise. I would place the plaintiffs in the same position on remand as directed by the Cook I panel — with an opportunity to retry their remaining claim.

The plaintiffs waived any challenge to the district court’s application of the mandate rule.

Initially, the majority acknowledges that the district court entered alternative rulings: the PAA preempted the plaintiffs’ claims and, in any event, the mandate rule precluded reinstatement of the verdict. Maj. Op. at 1092. Yet, the majority later downplays the defendants’ mandate preclusion argument, referring to it as just another “card to play” Maj. Op. at 1101. But critically, although it is the plaintiffs and not the defendants who challenge the district court’s ruling this time around, plaintiffs devote less than 50 words of their 60-page brief to the district court’s alternative ruling. Moreover, their two-sentence commentary is confined to a footnote. Aplt. Br. at 25 n. 29.
I find this solitary footnote plainly insufficient to challenge the district court’s application of the mandate rule. See Hill v. Kemp, 478 F.3d 1236, 1255 n. 24 (10th *1106 Cir.2007) (refusing to consider arguments raised in footnotes and characterizing them as ' “perfunctory”); Hardeman v. City of Albuquerque, 377 F.3d 1106, 1122 (10th Cir.2004) (concluding issues raised in a footnote and “unaccompanied by some effort at developed argumentation are deemed waived” (citation and internal quotation marks Omitted)). Further, because the plaintiffs failed to challenge an independent and alternative ground for the district court’s decision, I would affirm the district court’s judgment on this issue without considering plaintiffs’ asserted challenge. See Bones v. Honeywell Int’l, Inc., 366 F.3d 869, 877 (10th Cir.2004) (refusing to address plaintiffs challenge to summary judgment ruling because plaintiff failed to challenge alternative grounds for district court’s ruling; thus, plaintiff could not prevail even if successful on challenged ruling).

The majority redefines the remedy sought by the plaintiffs.

Even if the plaintiffs’ short footnote adequately challenged the district court’s alternative ruling, I would uphold the district court’s conclusion that the mandate rule prohibited it from “reinstating” any freestanding state law nuisance verdict the jury may have rendered. But before discussing this issue it is helpful to clarify a confusing aspect of the majority’s opinion.
In reversing the district court the majority relies on a rationale never argued by the plaintiffs. In the district court and on appeal, the plaintiffs plainly and consistently recognized that the Cook I mandate vacated any independent state law nuisance verdict.[1] As discussed in-depth below, on this point the plaintiffs and I agree — the Cook I mandate nullified the entire jury verdict. Where I depart from the plaintiffs’ position is in considering their argument — made solely in their reply brief — that the district court had the power to reinstate that verdict.
The majority, however, departs from the plaintiffs’ briefing one step earlier. Presumably recognizing the flawed nature of the plaintiffs’ assertion, the majority holds the Cook I panel did not vacate any state law verdict. Instead, according to the majority, the state law nuisance verdict somehow survived the Cook I panel’s mandate ordering that “the verdict” be set aside, “the case” reversed and remanded, and “the judgment” vacated. And, the majority concludes, because that verdict was “unaffected by any error” found in the appeal, it was poised for the district court to reenter judgment on the verdict on remand. Maj. Op. at 1102.
While at first glance, this may seem a matter of semantics, the majority’s new approach is both significant and essential to its ultimate disposition. When this disposition is coupled with the majority’s direction ' to “proceed to judgment on the existing nuisance verdict promptly” — it requires the district court on remand to enter judgment for the plaintiffs on their state law nuisance claim. Maj. Op. at 1104-05.
For the reasons developed below, the district court properly rejected the plaintiffs’ flawed argument. My point here is simply to note that by ignoring their argument and manufacturing a new one, the *1107 majority implicitly rejects the plaintiffs’ only argument on appeal. Regardless, I have addressed below my reasons for rejecting both the plaintiffs’ argument and the majority’s entirely distinct rationale.
The district court lacked any authority to reinstate a jury verdict vacated by the Cook I panel.
Setting aside for the moment the majority’s rationale, I find fundamentally flawed the plaintiffs’ argument that the district court could reinstate a vacated verdict.[2] Simply stated, if the Cook I mandate vacated the verdict (and as discussed in the next section, I agree that it did), then the district court on remand lacked any authority to enter judgment on a verdict absent a new trial and new verdict.
The plaintiffs assert that unless the panel’s mandate specifically prohibited reinstatement of the jury’s verdict, the district court possessed authority to reinstate it. In support, they rely primarily on authorities that concern resentencing after a remand. See Aplt. Reply Br. at 26. But the plaintiffs overlook a critical distinction between a vacated sentence and a vacated jury verdict — namely, the fact-finder on remand. When an appellate court remands a case for resentencing after vacating a sentence, it’s as if the sentencing never occurred and the judge, as the arbiter of the resentencing, begins again. See United States v. Keifer, 198 F.3d 798, 801 (10th Cir.1999). In contrast, when an appellate court remands a case after vacating a jury verdict, it’s as if the case had never been tried and the jury, as the arbiter of culpability, decides the outcome. Cf. Wheeler v. John Deere Co., 935 F.2d 1090, 1096 (10th Cir.1991) (noting that a prior panel’s reversal of the verdict meant “the first verdict became null and void in its entirety”). Tellingly, the plaintiffs cite no authority indicating that after an appellate court nullifies a jury verdict, a district court can reenter a verdict without the benefit of a jury’s fact-finding.
Accordingly, addressing only the challenge arguably raised by the plaintiffs, I would hold that the district court properly concluded it lacked any power to reinstate a verdict vacated by this court. See Estate of Whitlock v. C.I.R., 547 F.2d 506, 509-10 (10th Cir.1976) (noting a district court is powerless to do anything “contrary to the letter or spirit of the mandate as construed in light of the opinion deciding the case”).

Neither the record nor the law supports the majority’s novel approach.

Finally, even if the plaintiffs had challenged the district court’s mandate ruling and had raised the theory now espoused by the, majority, I would nevertheless disagree with the majority’s decision. My core dispute with the majority is simple. The majority concludes that when a panel of this court is unaware that claims are before it and does not affirmatively find error, the panel essentially affirms such verdicts by default and leaves them in limbo, awaiting only the district court’s blessing through a reentry of some portion of the judgment. I conclude that when a panel of this court is unaware claims are before it and makes clear in its opinion that the entire case is remanded for a new trial, the panel has in fact done what it intended to do — remand the entire case.
*1108 The majority’s approach relies upon several faulty presumptions..
Although not readily apparent, much of the majority’s analysis relies upon the assumption that the verdict rendered by the jury in this case was severable. And the majority further assumes that when the Cook I panel directed the district court to “vacate the judgment,” the panel vacated only part of the verdict — i.e., the verdict as it related to the PAA nuisance and trespass claims. The majority opinion further presumes that the panel somehow left intact (or “error-free,” as the majority characterizes it) any independent state law nuisance verdict. Maj. Op. at 1101-02. Thus, while the majority apparently recognizes that a district court has no authority to reinstate a jury’s verdict once that verdict has been vacated, it declares that wasn’t necessary here because a portion of the verdict was “unaffected by any error” and the district court merely needed to reinstate that portion of the judgment. Maj. Op. at 1102.
As I’ve noted, the majority’s interpretation of Cook I conflicts even with what the parties understood the mandate directed. But more critically, nothing in Cook I indicates the panel found “the verdict” severa-ble or that it intended to affirm or preserve as error-free any portion of the jury’s verdict. Instead, the language and structure of the opinion, which must inform what the mandate directed, leads to the opposite conclusion.[3] Cherokee Nation v. Oklahoma, 461 F.2d 674, 677-78 (10th Cir.1972) (stating a lower court should look to the opinion itself to “ascertain the intent of the mandate”).
The defendants appealed all of the plaintiffs’ claims.
Before discussing the language in Cook I the majority relies upon in concluding a portion of the verdict remained error-free, I first consider something not found in the majority opinion that is essential to understanding the scope of the mandate — i.el, a discussion of the issues and claims the parties placed before the Cook I panel. That discussion, of course, begins with consideration of the decision appealed from.
Here, the parties do not dispute that the verdict rendered by the jury on February 14, 2006, included both the PAA claims and state law claims. Nor do they dispute that the district court granted summary judgment on the entire verdict'in its June 2, 2008, “Final Judgment.” See Final Judgment at 3, Cook I, 618 F.3d 1127 (10th Cir.2010) (“The claims for relief as to which final judgment is hereby entered include all claims by Plaintiffs in this action arising from prospective invasions of their interests in land pursuant to the Priee-Anderson Act, 42 U.S.C. § 2210[and] Colorado law.... ” (emphasis added)). Similarly, the parties do not dispute that the defendants appealed from the Final Judgment of June 2, 2008, and that in doing so they expansively identified that “Judgment” to include any and all claims on which final judgment was entered. Moreover, the defendants challenged the entire verdict on both state and federal grounds. Thus, the defendants clearly placed the entire verdict before the Cook I panel, not just some part of the verdict.
*1109 The Cook I panel addressed in dicta some of the issues related to the state law claims, but did so explicitly and solely for purposes of guidance on remand.
With that understanding, it becomes clear that if, as the majority suggests, the Cook I panel vacated only a portion of the verdict and somehow left intact severable and independent verdicts on state law claims, the panel would have been required to reach a holding on any appellate arguments impacting those verdicts. Instead, the panel did just the opposite. On page 1142, the panel concludes the binding portion of its opinion with the following paragraph:
Because the jury was not properly instructed on an essential element of Plaintiffs’ PAA claims, the verdict must be set aside and the case remanded for further proceedings not inconsistent with this opinion. 618 F.3d at 1142 (emphasis added).
After reaching this decision, the panel proceeded to consider several additional issues, including a discussion of substantive state law issues the majority relies on here. Importantly, the Cook I panel neither suggested nor implied that it considered these additional issues because they pertained to some portion of the challenged verdict that it had not disposed of by setting aside “the verdict.” Instead, it explicitly indicated otherwise, noting in a footnote following the first sentence of dicta that it provided the remaining discussion for guidance on remand:
While this court’s ruling that Plaintiffs must establish the existence of a nuclear incident as a threshold element of their claims independently warrants remand, it is proper to nonetheless decide questions of law raised in this appeal that are certain to arise again in the event of a re-trial [sic] in order to guide the district court. Id. at 1142 n. 15 (emphasis added).
Thus, all of the remaining issues the panel chose to address were addressed solely because they involved questions of law certain to arise on retrial.
The majority makes much of the Cook I panel’s conclusion “expressly” finding the nuisance jury instructions proper. Maj. Op. at 1100. But like everything else that came after page 24 of Cook I, that discussion was dicta. As such, it was unnecessary to the only holding in the case — that the jury was not properly instructed on the PAA claim. See Thompson v. Weyerhaeuser Co., 582 F.3d 1125, 1130 (10th Cir.2009) (explaining “dicta” as a statement “not necessarily involved nor essential to the determination of the case at hand” (citations and internal quotation marks omitted)).
In finding that any verdict on the state law nuisance claim was error-free, the majority downplays the Cook I panel’s conclusion that the district court erred in Cook v. Rockwell International Corp., 273 F.Supp.2d 1175, 1195 (D.Colo.2003) (iCook IX) by holding that nuclear material is a nuisance if it “disturbs the plaintiff’s comfort and convenience, including his peace of mind.” Cook I, 618 F.3d at 1145. The majority characterizes this finding as inconsequential, reasoning the Cook I panel included it only because “the plaintiffs might ask the district court to apply the more forgiving Cook IX” standard on remand. Maj. Op. at 1101. In short, because this discussion doesn’t support its conclusion regarding an “error-free” state law nuisance verdict, the majority recognizes it as dicta.
In sum, while the Cook I panel’s dicta didn’t disapprove of the nuisance instructions, it also plainly didn’t find the trial to have been error-free as to that claim.
*1110 The panel left unresolved several issues relating to the state law claims because they would arise on remand.
The majority’s opinion auspiciously overlooks another critical conclusion in Cook I confirming the scope of Cook I’s mandate — the panel’s explicit decision to decline to address 'significant evidentiary issues raised by the defendants that pertained to the state law verdicts the majority now says remained error-free. I am referring here to the Cook I panel’s statement after completing its review of legal issues for guidance purposes:
The court declines to reach Defendants’ evidentiary challenges to Plaintiffs’ trial references to the government’s indemnity obligations or the Department of Energy’s failure to fully comply with discovery. Became the case must be remanded on other grounds, the court need not address whether the district court abused its discretion with respect to evidentiary issues that may not arise during a new trial. Likewise, the court will not address Defendants’ challenge to the district court’s post-trial award of prejudgment interest. This issue may not arise on remand, and if it does, any error can easily be rectified in a future appeal without necessitating a new trial. Cook I, 618 F.3d at 1152 (emphasis added).
Unquestionably, the panel here was referring to the defendants’ appeal argument that two erroneous evidentiary rulings tainted the entire verdict — not just the PAA portion of the verdict. Specifically, the defendants alleged the district court abused its discretion in permitting the plaintiffs to point out to the jury “early and often” that the federal government had an obligation ¡to indemnify Rockwell and Dow. Defendants Br. at 102, Cook I, 618 F.3d 1127 (10th Cir.2010) (No. OS-1224). The defendants further asserted that the district court erred in repeatedly allowing the plaintiffs to suggest that the federal government concealed from them and the public evidence indicating the existence of a problem at Rocky Flats, inculpating the defendants by proxy. Id. at 106-113.
The Cook I panel’s explicit decision to pass on these significant evidentiary challenges makes sense only if the panel reversed the entire jury verdict. Stated another way, even if the majority is technically accurate that any state law nuisance verdict was untainted by any error found in Cook I, that was not because the panel affirmed or preserved some portion of the verdict as error free. Instead, the panel intentionally declined to examine all the assertions of error because it had already vacated the entire verdict and it explicitly elected not to address evidentia-ry arguments that might not arise in a new trial.
The plaintiffs’ opportunity to correct the opinion or alter the mandate has long since passed.
Finally, the majority suggests that a district court on remand can enter judgment for the same party on different grounds and that “happens all the time.” Maj. Op. at 1102. But in my view, the cases the majority cites have no relevance here. None of those cases permit a district court, when a jury’s verdict has been vacated and the entire case remanded for a new trial, to “reinstate” any portion of the verdict. Nor 'do any of those cases stand for the proposition that when an appellate court vacates a verdict but considers for guidance purposes issues that may arise on retrial, a district court may consider portions of the verdict to which these issues pertain to be error-free.
Accepting my premise that the Cook I panel vacated the entire verdict, the plaintiffs’ remedy becomes clear. And this *1111 remedy truly is one that parties rely upon all the time, although it is not a remedy the district court could provide. Rather, if the jury rendered severable and independent verdicts on the plaintiffs’ state law claims and the Cook I panel inadvertently or otherwise set aside those verdicts, the plaintiffs had a very simple means of correcting that misunderstanding and preserving such substantial claims. Namely, the plaintiffs could have filed a motion for rehearing or clarification of the mandate before the mandate became final. See Fed. R.App. P. 40(a)(2) (“The petition [for rehearing] must state with particularity each point of law or fact that the petitioner believes the court has overlooked.... ”); 10th Cir. R. 40.1; see also Abel v. West, 932 F.2d 898, 898-99 (10th Cir.1991) (modifying dispositional language of a prior opinion on “petition for writ of mandamus or an alternative for clarification of mandate”). Or, after the mandate became final, they could have filed a motion to amend the mandate. 10th Cir. R. 41.2 (providing for motion to recall mandate).
But the plaintiffs never sought to correct the panel’s decision setting aside the verdict. Nor did they challenge the panel’s decision to provide only guidance on remand for some issues and to avoid others despite the relevance of these issues to their state law claims. Instead, the plaintiffs waited until all of their numerous post-appeal efforts to reverse Cook I had been exhausted and .they had returned to the district court to seek “reinstatement” of a portion of the jury’s verdict — a remedy the district court was powerless to provide. See Briggs v. Penn. R.R. Co., 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948) (discussing that absent the aggrieved party successfully “movfing] to amend the mandate,” a lower court is powerless to go beyond the mandate’s terms).

On remand the PAA would not preclude plaintiffs from retrying their state law nuisance claim.

Because I conclude the Cook I mandate remanding the entire case precluded the district court from granting the plaintiffs’ request to reinstate the state law verdict, I would also address whether the defendants’ PAA preemption argument precluded the nuisance claim from being retried.
In this regard, I disagree with the majority’s initial conclusion that the preemption issue is' controlled by the law of the case. The law of the case" doctrine does not apply to dicta and the Cook I panel’s footnote indicating the defendants had not made a field preemption argument is dicta. See In re Meridian Reserve, Inc., 87 F.3d 406, 410 (10th Cir.1996) (noting dicta is not subject to the law of the case doctrine). Moreover, the law of the case applies only to an “actual decision.” Wright and Miller, Federal Practice and Procedure § 4478 (2d ed.). Because the Cook I panel did not pass on whether the PAA preempts independent state law claims, I would hold the law of the case doctrine does not apply.
Accordingly, I would reach the issue of the preemptive effect of the PAA. And on this issue, I agree with the majority’s resolution and I would hold the plaintiffs were not precluded from retrying their nuisance claim and remand the case for further proceedings.

Conclusion

The Cook I mandate remanded the entire case for a new trial, leaving no portion of the jury’s verdict intact. Thus, the district court on remand was powerless to reinstate any part of that verdict or the judgment on that verdict. While the mandate precluded the plaintiffs’ desired remedy on remand — i.e., the verdict’s reinstatement — the district court’s proper rejection of that remedy did not alter the fact that *1112 the Cook I panel had remanded the plaintiffs’ state law nuisance claim and that claim remained pending even after the plaintiffs dismissed their PAA claims. The potential for retrial of the nuisance claim requires consideration of the district court’s alternative ruling that the PAA preempted the plaintiffs’ state law claims. On that issue I disagree with the majority’s conclusion that the law of the case precluded the defendants’ preemption argument. But consistent with the majority, I would reject that argument.
In the end, I would remand this case to the district court where the plaintiffs will be in the same position mandated by the Cook I panel — with the potential to retry their remaining state law nuisance claim.

. Following this court’s remand in Cook I, the plaintiffs sought "reinstatement of the jury's verdict” and then entry of judgment based on that verdict. Jnt. Status Rpt. at 1, Aug. 7, 2012, ECF No. 2326 (emphasis added). Consistent with that request, on appeal the plaintiffs’ repeatedly argue for reinstatement of the verdict, not the judgment. Aplt. Opening Br. at 7, 25, 28, 33, 36, 41, 49 (stating the plaintiffs asked for reinstatement of the jury verdict and arguing a reinstatement of the jury verdict is possible); Aplt. Reply Br. at 21, 25, 27, 28 (same).

. As previously noted, the plaintiffs' opening brief contains essentially no argument regarding the district court’s mandate ruling, resulting in their failure to challenge that alternative ruling. In their reply brief, plaintiffs argue the vacated verdict could be reinstated. Generally, arguments not made until a reply brief are waived. See United States v. Wayne, 591 F.3d 1326, 1336 n. 9 (10th Cir.2010). Nevertheless, I consider the plaintiffs’ tardy argument in the interest of fully vetting the issues presented.

. While I endeavor to demonstrate in these few pages why the panel’s direction to reverse and remand “the case” and "vacate the judgment” was a clear mandate to vacate the entire verdict, the panel’s opinion speaks for itself and a careful reading of the opinion best demonstrates this conclusion. In particular, I would direct the reader to the Cook I panel’s ultimate holding on page 1142 directing the "verdict [] be set aside and the case remanded for further proceedings not inconsistent with this opinion” and to footnote 15 immediately following the first sentence of the next section, recognizing that all that follows is dicta, provided for guidance on remand. 618 F.3d at 1142 & n. 15.